Caton, J. It has been held, that in case of a chattel mortgage, when under a provision in the mortgage, the mortgagor retains the possession and use of the property, he has such a legal interest in the property as may be seized and sold on an execution against him—the purchaser under the execution, succeeding to all the rights of the mortgagor, and no more. Bailey vs. Burton, 8 Wendall, p. 347. Where, however, the possession is transferred to the mortgagee, then the mortgagor has but an equitable interest in the chattel, which is not subject to an execution at law. Marsh v. Lawrence, 4 Cowen, 461. In this State, the right of the parties to stipulate in the mortgage, that the mortgagor may retain the possession and use of the property for a certain time, is secured by statute, and we can see no reasonable objection to allowing the parties to limit or qualify this right of possession and use in the mortgagor, so as more effectually to protect the security of the mortgagee, as was done in this case. The provision here is, that the mortgag- or may retain the possession and use of the property; but in case the chattels, or any part thereof shall be attached or claimed by any other person, at any time before the payment of the money secured, or in case the mortgagor shall attempt to sell them without the consent of the mortgagee, then the latter shall have the immediate right to the possession of the whole of the said chattels, to his own use. We cannot perceive how this can be held to be fraudulent, as against the policy of the law, or in any way unreasonable. So long as the property is liable to be taken from the possession of the mortgagor, and transferred to that of a stranger, who might be disposed to remove it beyond the limits of the state, the security afforded by the mortgage, to say the least, must be extremely precarious. This is a contingency, against which, the party should have the right to protect himself. If he allows the mortgagor to retain possession of the goods, the parties may fix the limitation of that possession, which may as well depend upon the happening of an event, especially when that event may affect the stability of the security, as upon the lapse of a specified period of time. There was no error, then, in admitting the mortgage in evidence. Nor do we think that the fact that the notes had not actually been executed at the time of the making of the mortgage, but were made subsequently, so as to correspond with the mortgage, rendered the transaction fraudulent per se. This was undoubtedly a circumstance tending to prove fraud; and as such, was properly submitted to the consideration of the jury 5 but if, as was stated in the claimant’s eighth instruction, the mortgage and notes were really given to secure a Iona fide pre-existing debt, they should be upheld and enforced. The cases referred to in Connecticut, were not at all parallel with this. Those were mortgages upon real estate, which purported to secure different liabilities from those actually existing between the parties. Those mortgages were postponed to subsequent encumbrances, because the policy of their recording laws, required the actual condition of the title to real estate to be exhibited upon the face of the conveyances, and spread upon the public records. In our apprehension, the most important question in this case, is presented upon the decision of the Circuit Court, in ruling out the declarations of the mortgagor, made prior to the execution of the mortgage. We shall not stop to review all of the decisions referred to, and which have been examined on this question, but shall content ourselves with adverting to the two cases in Massachusetts. The first is Clarke v. Wade, 12 Mass. R, 438, where, for the purpose of proving a deed fraudulent, the declarations of the grantor, made before and subsequent to the execution of the deed,were offered and rejected by the Court, although the grantor had since died. After examining the question, the Court concludes: “ Upon the reason of the thing itself, as well as upon authority we are all of opinion that the evidence in the case at bar, was properly rejected." In that case, like the one before us, there was no evidence tending to connect the grantee with the declarations offered to be proved, or showing that he was cognizant of them at the time he took the conveyance. This is a case directly in point, supporting the decision below. On the other side, is cited the case of Bridge v. Eggleson, 14 Mass. R. 244. In that case, several conversations of the grantor, made before the conveyance, tending to show his expected insolvency, were proved. At one of these, the grantor was present, and the Court said: “ So far as the conversation tended to prove the insolvency or embarrassment of Goodwin, before he conveyed his estate, we think the evidence proper. The fact was essential to be proved, in order to establish a motive on his part, to make a fraudulent conveyance.” This case does not profess to overrule or conflict with the former. In speaking of that case, the Court said: “ This decision does not establish the inadmissibility of declarations made before the deed, if connected with evidence of knowledge on the part the grantee." Enough has been quoted, to show a striking distinction which the Court took between those two cases; and the same distinction exists between the case before us, and the one relied upon in the 14th Mass. R. Certainly the declarations of the mortgag- or, not made at the time of the execution and delivery of the mortgage, or in the presence of the mortgagee, and not relating to the title of the property, ought not, by the ordinary rules of law, to be admitted in a controversy between the mortgagee and a third person. They are not a part of the res gesta and are not made by a party to the suit. They are in every sense of the word hearsay evidence. Indeed, they are made by a party whose interest it is to defeat the mortgage, and to have the property applied to the payment of a judgment against him. But it is said, he could have no such interest or object before the execution of the mortgage. This may not be so; he may as well anticipate the existence of such an interest and be prompted by the same object, before the execution of the mortgage as after. Finding himself pressed to make the mortgage, he might have the same motives then, to make declarations which would tend to defeat it, which he would have afterwards, to postpone it in favor of an execution against him. It is admitted on all hands, that such declarations are not evidence against the mortgagee, unless they were brought to his knowledge prior to the execution of the mortgage. If they are not evidence against the mortgagee they cannot properly be admitted, for it is against him alone; and to prejudice his interests that they are offered. If a knowledge of a fraudulent intent by the mortgagor, is brought home to the mortgagee, that may be competent evidence against the latter, as tending to show his participation in the fraudulent design. Hearsay evidence, or the declarations or statements of third persons, may often be competent, when the party to be affected can be connected with them, but when that is the case, it is not competent to admit them till such connection be shown. It will not do to say that it was the absolute right of the party to have the declarations admitted, and then if he did not connect the claimant with them, that the court should instruct the jury that they were not evidence against him. In this, case there was no pretence that the claimant had any knowledge of these declarations, or that he had the least intimation of any fraudulent design on the part of. the mortgagor. Such being the case, had the evidence been admitted, the Court would have been obliged to have withdrawn it from the consideration of the jury, and we all know, in a case of this kind, how imperfect a security that often is, against the pernicious effect which such evidence is calculated to produce. The evidence once admitted and the mischief is done, which to a certain extent is often irreparable. In this case it was of no avail to prove that the mortgagor was actuated solely by fraudulent motives, unless the mortgagee participated in the fraudulent design. Here there was already, at least, as much evidence of fraud on the part of the former, as of the latter, and of what avail could it have been to have cumulated evidence of fraud against the former, so long as there was an insufficiency, as the jury have found against the latter. We are of opinion that the legal rights of the party were not prejudiced by the exclusion of this testimony, and that in this the Court committed no error. We do not think the judgment should be reversed, for the error assigned upon the refusal of the court to give the second instruction asked for by the plaintiff in error. The princijDle of law which is there alluded to, so far as it is properly applicable to this-case, is more accurately stated in the seventh instruction for the plaintiff in error, which was given; so that the party had the benefit of the law, as applicable to the conduct of the parties at the time of the execution of the mortgage. It was not denied on the argument, that the notice which was admitted, might be competent evidence to go. to the jury for some purpose, but then it was insisted that the party claimed for it an effect to which it was not entitled, and that the Court admitted it for a wrong reason. The decision of the Court consisted in the admission of the evidence, and it is with that, rather than the reason for the decision, which we are now to consider. Had the party anticipated that the jury would allow that evidence an improper influence or effect, it was the right of the party to ask an instruction, explaining its legitimate.effect. In that way the views of the court upon that evidence might properly have been brought before this Court for review. Upon the evidence, we do not think a new trial should have been granted. There were undoubtedly some circumstances tending to show that the mortgagor designed to delay his other creditors, but still it may well have been, that he designed to produce that result, no further than would necessarily follow from his securing a bona fide debt due to White. This he had a right to do, and there is nothing connected with the claimant, showing, that he had any other design than to secure his own debt. As the jury found that the transaction was an honest one, we are not disposed to disturb their verdict. The judgment of the Circuit Court is affirmed. Judgment affirmed.