JAMES AIKEN

*v.*

JOHN M. HODGE.

</div>

1. TESTIMONY—*inadmissible.* Where parties enter into an arrangement to develop a patent for the improvement of street cars, it is error, when it is sought to charge one of the number for money loaned him by another of its members, to admit in evidence conversations between other members of the firm when defendant was absent, and which occurred prior to his connection with the speculation, and which were not communicated to him.

2. SAME—*hearsay—not admissible.* Evidence of the opinions expressed by persons in New York and elsewhere as to the value of an invention, was hearsay, and inadmissible. If such opinions could be received, the persons expressing them should have been called.

1871.]      AIKEN *v.* HODGE.      437

Statement of the case.    Opinion of the Court.

3. Declarations of third parties should not be admitted in evidence until the party against whom they are offered is connected with them.

4. SAME—*declarations of a party.* It is error to permit a party to introduce his own declarations in reference to the matter in dispute, made when the person against whom they are offered was not present. The party is a competent witness, and should be introduced to prove the facts.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of assumpsit, brought by James Aiken, in the LaSalle circuit court, against John M. Hodge, for money loaned and advanced at the request of defendant.

It appears that these parties, with others, undertook to develop an improvement in street cars; and it is claimed by plaintiff below that defendant borrowed of him $500, with which to purchase a share in the enterprise, and that he promised to repay it some time after the loan was made. He also claims that he, by agreement, was to advance all expenses, and that defendant was to refund to him one-half thereof; that he did advance $954.12, one-half of which defendant was to pay to him.

Defendant wholly denies that he borrowed the money or agreed to pay any portion of the expenses of developing the invention.

A trial was had before a jury, who found a verdict in favor of defendant. A motion for a new trial was entered, which the court overruled and rendered judgment on the verdict, and the plaintiff brings the case to this court by appeal.

Messrs. BUSHNELL & AVERY, for the plaintiff in error.

Mr. OLIVER C. GRAY, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The claim in this case is based upon the assumed express or implied contract of appellee to pay appellant for money loaned.

These parties, with four other persons, engaged in a speculation to develop, for their profit, an improvement on street cars.

·There was conflict in the evidence as to the advancement of any money by Aiken to Hodge. The discrepancy between them, as to the facts, is very plain and decisive, and we shall make no attempt to reconcile it. The court below, however, erred in the admission of improper and irrelevant evidence, for which the judgment must be reversed

The several conversations between the two Schneiders, Petrie and Hodge, when Aiken was not present, and prior to his connection with the speculation, and which were not communicated to him, were clearly incompetent. They could not enlighten the issue, and may have confused the jury.

The opinions of divers persons in New York and elsewhere, as to the value and practical character of the invention, as detailed by witnesses who heard them, were but hearsay. The facts as to the payment of money by other persons, to obtain an interest in the patent, were improperly admitted.

What was the object of such evidence? It was evidently introduced by appellee to negative his alleged liability for money loaned, and must have been intended to impress the jury with the belief that the invention was valuable, and that Aiken paid $1000, double the amount paid by either of the other parties, on account of the intrinsic value of the patent, and not upon any agreement that Hodge should refund the one-half of the money advanced and other expenses incurred.

Two questions were to be determined by the jury: Was there any money loaned? Did Hodge agree to return to Aiken one-half of the money expended in the development of the patent?

The expressed opinions of third parties, that it would prove a success, shed no light on these questions, and afforded no aid to the jury, unless improperly applied. There was no pretense that appellant had any knowledge of these statements, or that other persons had invested money in the patent.

Declarations of this character should never be admitted until the party against whom they are used is connected with them. *Prior* v. *White*, 12 Ill. 261.

We are strongly inclined to the opinion that the jury was influenced by this testimony, and thus the rights of appellant were prejudiced.

It was also error to permit witnesses introduced by appellee to detail his statements as to the nature and character of the transaction between himself and appellant, when the latter was not present. He was a witness at the hearing, competent under the law, and should have rehearsed his own story.

We express no opinion as to the preponderance of the evidence, as the judgment must be reversed, and the cause remanded for another trial.

*Judgment reversed.*