# WILLIAM L. GREENLEAF *et al.*

## *v.*

## HENRY T. BEEBE *et al.*

1. MARRIED WOMEN—*right to contract.* A married woman has the legal right to bind herself for labor and materials furnished in the erection of buildings upon her separate property. On a contract for the erection of buildings upon her property with her knowledge, consent and approval, she and her property will be liable for the debt so incurred.

2. MECHANIC'S LIEN—*parties defendant.* Where a petition to enforce a mechanic's lien for labor and materials in the erection of a building upon real estate of a married woman, alleges that her husband has some interest in the premises, which is admitted by demurrer, he will be a necessary party for the purpose of cutting off his interest by the decree.

3. SAME—*decree against husband for wife's debt.* Where labor is performed and materials furnished for a married woman in erecting a building upon her real estate, it is erroneous to render a personal decree against her husband for the payment of the debt, although it may appear he has some interest in the premises.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JAMES S. MURRAY, for the appellants.

Messrs. WOOD & LOOMIS, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition, brought by appellees, to enforce a mechanic's lien for labor and materials furnished in the erection of certain buildings on premises owned by Fannie E. Greenleaf, wife of William L. Greenleaf.

To the original petition a demurrer was interposed, which the court sustained. An amended petition having been filed, the appellants again demurred, but the court overruled the demurrer, and, in default of an answer, the court on the hearing entered a decree as prayed for in the amended petition.

Two alleged errors are relied upon, by appellants, to reverse the decree.

*First*—That the court erred in overruling the demurrer to the amended petition.

*Second*—That a joint decree against appellants was improper.

It is alleged, in the petition, that Fannie E. Greenleaf was the owner of the premises upon which the lien is sought to be established; that she was the wife of William L. Greenleaf, and that the said William L., husband of Fannie E., entered into a written contract with appellees, which is set out *in hæc verba* in the petition, and which was executed by appellees and William L. Greenleaf under seal.

It is claimed, by appellants, that an attempt is made to charge Fannie E. Greenleaf, and make her a party to a contract under seal which she did not execute, by extrinsic evidence.

As we understand the record, that question does not arise. There is no controversy over the original contract, as the work provided for under it has been fully performed, and paid for. It was, therefore, of no importance to inquire whether Fannie E. could be made liable on that contract by resorting to extrinsic evidence.

The purpose of the petition was to recover for extra labor and materials furnished under a parol contract, entered into subsequently to the making of the original written contract, so that the authorities cited by appellants have no application.

The question presented by the amended petition is, whether the allegations are sufficient to establish a cause of action against the owner of the premises, Fannie E. Greenleaf, for materials furnished and labor performed, under a parol agreement made with her husband, subsequent to the written contract.

It is alleged, in the petition, that William L. Greenleaf was acting as the agent of and for and in behalf of Fannie E. Greenleaf, with her full knowledge, consent and approval, and that a verbal agreement was made with the said William L. Greenleaf, then acting as the agent of and for and on behalf of the said Fannie E. Greenleaf, by which the materials were to be furnished, and the labor performed, which acts, proceedings and agreements the said Fannie E. Greenleaf, wife of the said William L. Greenleaf, had notice and full knowledge, and to which she give her consent and approval.

These allegations are admitted to be true by the demurrer.

There can be no doubt but appellant Fannie E., although a married woman, had the right to bind herself for labor and materials furnished in the erection of buildings upon her separate property.

If she could in person contract, she clearly had the power to authorize her husband to contract in her behalf, or, if her husband contracted for the work and materials, to be furnished on her separate property, with her knowledge, consent and approval, we are aware of no principle that would shield her, or her property, from the payment of an honest debt, thus incurred.

A similar question arose in case of *Schwartz* v. *Saunders*, 46 Ill. 18, where it was held, if a contract for the erection of a building is made by the husband, and the same is erected on the real estate belonging to the wife, in her separate right, with her full knowledge, approbation and consent, and she

fails to disclose her interest, and, knowing what is being done, takes no steps to prevent it, she will be estopped from setting up her rights as a defense to a mechanic's lien.

We are satisfied the allegations of the amended petition were sufficient, and the demurrer was properly overruled.

In regard to the last point relied upon, that the decree is joint against both defendants, it is alleged, in the petition, that William L. Greenleaf has some interest in the premises. This is admitted by the demurrer. He was, therefore, a necessary party to the petition, for the purpose of cutting off his interest in the premises, by decree, whatever it might be.

But the decree finds a certain amount due petitioners, and declares the same to be a lien. It also orders the amount found due to be paid by defendants, within a certain time, and in default of payment, directs the sale of the premises.

It would be error to render a personal decree against William L. Greenleaf for the debt, and, in so far as this was done by the decree, it will be modified; in all other respects it will be affirmed, and appellees will be required to pay the costs of this suit.

*Decree modified and affirmed.*