BRIDGET BURNS, IMP'D WITH THE LOVINGSTON
LUMBER COMPANY AND THE WIGGINS FERRY COM-
PANY

v.

JAMES A. LANE.

*Mechanics' Lien—Contract—Owner—Agency—Ratification—Description of Premises.*

1. A contract creating a mechanics' lien must be made with the owner, but he may make such contract through an agent.

2. In the case presented. it is *held:* That the evidence, though conflicting, sustains the finding of the jury; that the defendant ratified the contract made by her father in his own name; and that the objection based on the failure of the contract to describe the land on which the house was built, is met by the admission of the answer that whatever contract was made was with reference to the premises owned by the defendant.

[Opinion filed June 7, 1887.]

IN ERROR to the City Court of East St. Louis; the Hon. W.
P. LAUNTZ, Judge, presiding.

The defendant in error filed his bill in chancery to enforce a mechanics' lien, alleging that on March 17, 1884, Bridget Burns, plaintiff in error, was owner of a leasehold estate in a certain described lot of land; that on said date he entered into a written contract with her father, John Burns, to build a house on said ground; that at the making and signing of the contract Bridget Burns gave full consent and approval, and that John Burns, in making the contract, was her agent; that he did some extra work outside of the contract, by the request of both John Burns and Bridget Burns; that he had been paid $1,300 and there is still due him $434.60 on the contract and $145.50 for extra work. Wiggins Ferry Company and Lovingston Lumber Company are impleaded as defendants.

Bridget Burns answers and denies she was owner of prop-

erty at time contract was entered into. Says she knows Lane made the contract with her father as alleged, but denies that he did so with her knowledge, consent, or approval. Denies that he was acting as her agent. Charges that Lane, on the personal credit and in compliance with contract with her father, built the house and received from him $1,300. Denies oral contract for extra work. Denies that she ever paid Lane any money or ever took possession. But says that as a single woman she lives with her parents. Denies that Lane did extra work and asserts that he failed to complete work on his contract and that what he did was done in so bungling and inefficient a manner that the building has sustained damages to a greater amount than balance claimed due.

The trial below was by jury and a decree on the verdict for petitioner for the amount of his claim.

Mr. L. H. HITE, for plaintiff in error.

Messrs. FLANNIGEN & CANBY, for defendant in error.

WILKIN, P. J. The only substantial grounds upon which a reversal is urged here, is that the evidence fails to establish any lien against the property described in the bill. First, because it fails to show the relation of principal and agent between John Burns and plaintiff in error who owned the lots; and second, because the contract entered into by John Burns does not describe the premises on which the house was to be built.

That a contract creating a mechanics' lien under our statute must be made with the owner, is clear, but as in any other case that contract may be made through an agent. Phillips on Mechanics' Liens, Sec. 79; Schwartz v. Saunders, 46 Ill. 18, 24; Greenleaf v. Beebe, 80 Ill. 520.

There is evidence in this record from which the jury was warranted in finding that a day or two prior to the signing the contract by her father, plaintiff in error, with her father and mother, had a conversation with defendant in error, in which she took a prominent part; that after the contract was

made and before the work began she gave instructions as to how she wanted it built; that she started with her father and Lane to look at the ground on which it was afterward built; that she was frequently present during the progress of the work, making objections, giving directions and complaining at delay; especially that she furnished the money with which to pay $1,300 of the contract price and promised to pay the balance; that before it was completed she moved in it with her parents and continues to occupy it. It is true there is a conflict of evidence as to some of these facts, but we think the weight of the testimony as to each of them is with defendant in error. Plaintiff in error admits that she knew there was a contract of some kind for the building of this house on her lot, but did not know its terms, and denies that she authorized her father to make it.

She says that she did not know such a contract had been made *before* the work was done, but she does not contradict the statement of defendant in error that, after the work was finished, he asked her for the balance and she said she was trying to get it and he would have to wait until she did. In fact her entire testimony shows that she understood that whatever obligation there was to pay was upon her and not her father. Her defense, according to her testimony, was that the work was not properly done.

It is clear from the evidence that, with a full knowledge of all the facts, she ratified the act of her father in entering into the contract, and thereby made him her agent. Fisher v. Stevens, 16 Ill. 397; Searing v. Butler, 69 Ill. 575.

Such ratification relates back to the making of the contract and renders it binding on her from the beginning. Williams v. Butler et al., 35 Ill. 544. This contract is therefore a contract with the owner of the lots described in the petition through her agent. No doubt the contract, on the face of it, was a personal contract of the father. No doubt a father may, by way of gift, make improvements on his daughter's land. No doubt a contractor may give personal credit to a third party to erect a building on the land of another, and if he does so, can not enforce a lien against the land; but here the subsequent conduct

Burns v. Lane.

of the plaintiff in error shows that she did not treat it as the personal contract of her father though such on its face; she did not understand that her father was making her a gift of this house or that personal credit was given to him, else why pay $1,300 on it herself and promise to pay the balance?

The contract fails to describe the land on which the house was to be built, and this, it is insisted, is fatal to the decree rendered, though in the argument it is treated as a variance between the allegations and proof.

It is true that a contract for a building to furnish a basis for a lien must have reference to some particular lot or piece of ground; but it does not follow that a description of the lot shall be contained in the written contract when one is made. It would have been competent to prove by parol by what was done in pursuance of it, that this contract had reference to the lots described in the bill. Power v. McCord, 36 Ill. 214; Clark v. Manning, 90 Ill. 380.

The answer, however, admits that whatever contract was made was with reference to these lots.

The other objections to the contract on the ground of variance are not well taken.

Only two substantial issues were presented by the petition and answer, viz., was a lien created by the contract and was the work done according to its terms?

The jury found both in favor of defendant in error and we find no sufficient reason for disturbing that finding. The decree of the City Court is affirmed.

*Affirmed.*