## THE CHICAGO CITY RAILWAY COMPANY
## V.
## FRANK BRADY.

*Street Railroads—Negligence—Personal Injuries—Evidence—Instructions.*

1. Negligence is a question of fact for the jury, and when the evidence is conflicting their verdict is conclusive.

2. In an action brought to recover from a street railroad company for personal injuries alleged to have been occasioned by its negligence, one of its trains having collided with the wagon of the plaintiff, this court declines, in view of the evidence, to interfere with the verdict in his behalf.

[Opinion filed March 10, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. W. J. HYNES and C. M. HARDY, for appellant.

Mr. W. H. CONDON, for appellee.

GARY, P. J. The frequent reiteration of the propositions that negligence is a question for a jury, and upon conflicting evidence their verdict is conclusive, deprives them of all novelty, but does not impair their soundness. They are applicable to this case.

The appellee was driving a loaded wagon on State street. He drove his wagon from the south upon a scale in the east side of the street, a short distance south of 33d street, and the scale being short he went too far, so that the fore-wheels of the wagon went off. With the load that was on the wagon he could not back on the scale, so drove north and turned in the street to come back on the scale from the north. In so doing he went upon the tracks of the street railway, and at the time of the accident which is the subject of the present investigation, his wagon was moving eastward across the east track. A cable car coming from the north on that track struck the wagon; the appellee fell off, and the consequence to him, as the evidence tends to prove, is total disability for life. The controversy between the parties is as to which was negligent, and in what degree, and the jury have found for the appellee, upon such conflicting evidence that their verdict either way would be conclusive.

It is a chronic complaint, in which the courts sometimes join (Ill. Cent. v. Welch, 52 Ill., 183 is an instance), that juries do not treat railway companies fairly. Whether the frequent complaint is a just accusation that in the trial of actions

against them they do not endeavor to fairly submit the merits to the intelligent judgment of the jury, but seek for safety by multiplying the technicalities of legal procedure, is a question not to be discussed here. The law makes the jury the tribunal to determine the facts. The statute of this State contemplates that they will discharge the duty, at the close of heated and ingenious arguments of opposing counsel, better by being furnished with a few written propositions of what the law applicable to the case is, than by having a careful and impartial *resume* of the whole case presented to them by an experienced judge.

On the trial of this case the appellant asked twenty instructions. Of these the court gave ten without modification; four with modifications, and refused six. Of the instructions given at the instance of the appellee, the brief of the appellants makes no complaint.

This opinion may fitly conclude with the concluding sentences of the opinion of the Supreme Court in Fisher v. Stevens, 16 Ill. 397: "Numerous instructions were asked upon the trial, some of which were given and some refused. Fisher asked for sixteen several instructions, seven of which were given as asked, three given after qualifications by the court, and the balance refused.

"The only question of law was as to the liability of Fisher to pay for bricks obtained for him and used for his benefit. The right to demand instructions must have some limit, and we are not disposed to sanction its abuse. Sixteen instructions in this case could not have been required on the part of the defendant for the purpose of merely enlightening the jury upon the law of the case, and were well calculated to confuse and mislead them. As we think the court correctly instructed both for the plaintiff and defendant, so far as conducive to justice and a fair trial, we do not deem it our duty to enter upon an investigation of the law of the instructions refused." Prior v. White, 12 Ill. 261.

*Judgment affirmed.*