BERTHA BRUCK AND AUGUSTUS BRUCK

v.

C. S. BOWERMASTER.

*Mechanic's Lien—Husband and wife—Agency—Estoppel—Evidence.*

1. If, after a contract for labor on a building belonging to the wife is made by her husband with one who is ignorant of the wife's interest, the wife, knowing what is being done, does not disclose her interest or prevent the work, she will be estopped to set up her rights as a defense to a mechanic's lien.

2. In this suit to foreclose a mechanic's lien, it is held that the husband contracted for the work as his wife's agent.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. JAMES J. CONWAY, for appellants.

Mr. M. W. ARMSTRONG, for appellee.

LACEY, J.   This was a proceeding commenced by appellee to foreclose a mechanic's lien on a certain house and lot in Ottawa, Illinois, for a bill of painting of $75.80, which he contracted, as he claims, for labor and material on the house and lots and fence around there for that sum of the appellant Augustus Bruck, as the agent of Bertha Bruck, who was his wife.   The court below found the issues on a trial on petition, answer and the evidence in favor of appellee, and rendered decree for the sale of the premises to pay such bill, which it held to be a lien on the house and lots.   The appellant Bertha, who was the owner of the lot, and in whose name the title stood through deeds from her husband to a third party, and from that party to her, some time before the contract for painting was made, contended in her answer and on trial, and contends here, that her house and lots are not liable for the alleged mechanic's lien, for the reason that the contract was made with

Augustus, her husband, and that she neither made the contract, expressly or impliedly, for the painting, and that the mere fact that the work was done on her premises would not make her lots liable to be sold to pay for the painting and materials put upon the house. The appellee contended to the contrary, and succeeded in the court below. There is some conflict in the evidence as to matters of fact, though we think the evidence fairly supports the contention of the appellee. It appears that at the time the contract was made the appellee was ignorant of the fact that the title to the premises stood in the appellant Bertha, though it was of record; also that the appellant Augustus was insolvent; and made the contract with him supposing that he owned the lots and was solvent, and knew no better till he had sued him for the bill before a justice of the peace, when it developed on the trial that the title of the lots stood in Mrs. Bruck, and that the husband was insolvent. The contract was made in the early part of April, in 1888, and, as appellee swears, at request of Bruck he went to the house and Mrs. Bruck and her daughter Tillie were there and showed him the parlor and sitting room, and talked over the paints, and told appellee and his brother, and decided what kind of graining and painting she would have, after which appellee and the husband made the contract for the painting, at $65, to which afterward was added the fence, at $10, and afterward Mrs. Bruck sent for and procured one-half gallon of flour paint, of a red color, for which is charged eighty cents. It appears from the evidence of one of the witnesses, one of the painters, that Mrs. Bruck was there every day while he was painting, and when he mixed the last coat he called Mrs. and Miss Bruck out, and they said the colors were what they wanted, to go ahead with the job.

It is evident that the entire work was being done on the property of Mrs. Bruck and that she derived the entire benefit; she knew her husband was insolvent and unable to pay for the work, and yet she did not disclose the fact that the title to the lots stood in her name, and stood by and saw the work done and directed its operation. It is in evidence that the contract, while really made with Bruck, was for Mrs. Bruck.

The husband had the direction of Mrs. Bruck's affairs, and as the head of the family acted for her in most things. Mrs. Bruck must have known that appellee was making the improvements with the knowledge that the statute gave him a mechanic's lien, also that her husband was insolvent, and yet saw the work go on and accepted the benefits without making any disclosure as to the true condition of things. This we think would be bad faith, and would be good grounds for estoppel against her. In Schwartz v. Saunders, 46 Ill. 18, the Supreme Court lays down the rule as follows: "If a contract for the erection of a building is made by the husband and the same is erected on real estate belonging to his wife, in her separate right, with her full knowledge, approbation and consent, and she does not disclose her interest, and knowing what is being done, takes no steps to prevent it, she will be estopped from setting up her rights as a defense to a mechanic's lien." See, also, authorities to similar effect: Higgins v. Ferguson, 17 Ill. 268; Donaldson v. Holmes, 23 Ill. 83; Bergen v. Keiser, 17 Ill. App. 505; Anderson v. Armstead, 69 Ill. 452; Burns v. Lane, 23 Ill. App. 504; Paulson v. Manske et al., 126 Ill. 72.

We think, also, that the court, under the circumstances, would be justified in finding that the appellant Augustus was acting as the agent of his wife, though it was not at the time known to appellee he was in the habit of so acting, and she received the benefits of the contract and directed the entire work as though she owned the house. Since the lots were in her name, what would be more natural than for the parties, being husband and wife, to act in such manner. Story on Agency, Sec. 446.

We do not think that appellants have sustained the allegation that the work was to be paid for in trade.

Seeing no error in the record the decree of the court below is affirmed.

*Decree affirmed.*